IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN BENTLY METCALF | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-12-CV-1815-G-BD |
| | § | |
| RICARDO DE LOS SANTOS, | § | |
| ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by John Bently Metcalf, a pretrial detainee, alleging ineffective assistance of counsel in a pending criminal proceeding and denial of access to the jail law library. On June 12, 2012, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of this suit. Plaintiff partially answered the interrogatories on July 13, 2012.[1] The court now determines that this case should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

---

[1] Plaintiff answered only two of the nine interrogatories propounded by the magistrate judge. (*See* Doc. #10).

II.

As best the court can decipher his complaint and interrogatory answers, plaintiff appears to allege that he has been wrongfully arrested and maliciously prosecuted on felony charges of harassing a corrections officer. Plaintiff contends that he cannot defend himself against this charge because his attorney is ineffective and the law library at the Johnson County Jail is inadequate. (*See* Mag. J. Am. Interrog. #1, 9). By this suit, plaintiff seeks injunctive relief, transfer to a new jail, and the appointment of substitute counsel in his criminal case. (*See* Plf. Compl. at 4, ¶ VI; Mag. J. Am. Interrog. #1).

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*,

127 S.Ct. at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007), *cert. denied sub nom., Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

B.

The court initially observes that plaintiff cannot sue his lawyer for civil rights violations because private attorneys are not "state actors" under 42 U.S.C. § 1983. *See Featherson v. Knize*, No. 3-06-CV-0729-K, 2006 WL 2215950 at *3 (N.D. Tex. Aug. 2, 2006), *citing Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988). Nor can plaintiff sue the other two defendants named in his complaint -- the Johnson County Law Enforcement Center and the Guinn Justice Center. "Federal courts in Texas have uniformly held that entities without a separate jural existence are not subject to suit." *Torti v. Hughes*, No. 3-07-CV-1476-M, 2007 WL 4403983 at *2 (N.D. Tex. Dec. 17, 2007) (citing cases). Neither the Johnson County Law Enforcement Center nor the Guinn Justice Center are separate legal entities having jural authority. *See, e.g. Wanamaker v. Johnson County Jail*, No. 3-06-CV-0255-N, 2006 WL 2583376 at *2 (N.D. Tex. Aug. 31, 2006), *citing Darby v. Pasadena Police Dept.*, 939 F.2d 311, 313 (5th Cir. 1991). For these reasons alone, plaintiff's complaint should be summarily dismissed.

C.

Even if plaintiff could sue the jail defendants, he has failed to state a claim for denial of access to the law library. Such a claim must be analyzed under the more general right of access to the courts, which "is founded in the Due Process Clause and assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights." *Wolff v. McDonnell*, 418 U.S. 539, 579, 94 S.Ct. 2963, 2986, 41 L.Ed.2d 935

(1974). The right of access to the courts is also recognized as one aspect of the First Amendment right to petition the government for grievances. *See California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 510, 92 S.Ct. 609, 612, 30 L.Ed.2d 642 (1972); *Taylor v. Sterrett*, 532 F.2d 462, 470-72 (5th Cir. 1976). However, no court has ever extended this right beyond the ability to prepare and transmit necessary legal documents. *See Wolff*, 94 S.Ct. at 2984; *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993), *cert. denied*, 114 S.Ct. 1081 (1994).

In his interrogatory answers, plaintiff states that he has been unable to research the law related to his pending criminal case. (*See* Mag. J. Am. Interrog. #1). However, an inmate who is represented by counsel in an ongoing criminal proceeding has no constitutional right of access to a law library in connection with that proceeding. *See Griffin v. Valdez*, No. 3-08-CV-1237-P, 2008 WL 4491052 at *3 (N.D. Tex. Oct. 1, 2008) (citing cases). By his own admission, plaintiff is represented by counsel. (*See* Mag. J. Am. Interrog. #1). Consequently, he has failed to state a claim for denial of access to the courts.

D.

That leaves plaintiff's claims for wrongful arrest and malicious prosecution. In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the Supreme Court held that a state prisoner cannot bring a section 1983 action directly challenging his confinement unless and until the reason for his continued detention has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court. *Heck*, 114 S.Ct. at 2372. The critical inquiry is whether a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence[.]" *Id.* If so, the claim is barred. *Id.*; *see also Hainze v. Richards*, 207 F.3d 795, 798 (5th Cir.), *cert. denied*, 121 S.Ct. 384 (2000).

Here, plaintiff is awaiting trial on state criminal charges. (*See* Mag. J. Am. Interrog. #9). If plaintiff is convicted, *Heck* may bar his claims. *See, e.g. Tyler v. Cedar Hill Indep. Sch. Dist.*, No. 3-09-CV-2469-G, 2010 WL 1233455 at *2 (N.D. Tex. Mar. 3, 2010), *rec. adopted*, 2010 WL 1233458 (N.D. Tex. Mar. 29, 2010) (summarily dismissing illegal search, unlawful arrest, and false imprisonment claims under *Heck*); *Land v. Stone*, No. 3-10-CV-0981-B-BK, 2010 WL 5538413 (N.D. Tex. Dec. 14, 2010), *rec. adopted*, 2011 WL 52734 (N.D. Tex. Jan. 6, 2011), *appeal dism'd*, 442 Fed.Appx. 905, 2011 WL 4450088 (5th Cir. Sept. 27, 2011) (same as to claim for malicious prosecution). However, the Supreme Court has refused to extend *Heck* to pending criminal matters. *See Wallace v. Kato*, 549 U.S. 384, 393-94, 127 S.Ct. 1091, 1098, 166 L.Ed.2d 973 (2007). In such circumstances, the proper procedure is to stay plaintiff's claims "until the criminal case or the likelihood of a criminal case is ended." *Banks v. Gammon*, No. 3-08-CV-0474-K, 2008 WL 2404967 at *2 (N.D. Tex. Jun. 9, 2008), *citing Wallace*, 127 S.Ct. at 1098.[2]

## RECOMMENDATION

Plaintiff's claims against his attorney, the Johnson County Law Enforcement Center, and the Guinn Justice Center should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2). His claims against unnamed state actors for false arrest and malicious prosecution should be stayed until the state criminal charges against plaintiff are finally resolved.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1);

---

[2] Although plaintiff has not identified the state actors who arrested and prosecuted him with enough specificity to enable the court to direct service of process, such failure is not the result of contumaciousness or an attempt to delay the proceedings. The court therefore declines to summarily dismiss plaintiff's claims against those potential defendants. *See Cowart v. Dallas County Jail*, 439 Fed.Appx. 332, 333, 2011 WL 3759618 at *1 (5th Cir. Aug. 24, 2011) (summary dismissal not proper where "readily available documentation" may help identify John Doe defendants).

FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 18, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE